```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


LARRY DALE JOHNSON,              :
                                 :     Civil Action No. 12-4112 (RMB)
           Plaintiff,            :
                                 :
      v.                         :     MEMORANDUM OPINION
                                 :
OLGA V. JOHNSON,                 :
                                 :
           Defendant.             :
```

**APPEARANCES:**

    LARRY DALE JOHNSON, Plaintiff pro se
    #65400-065
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey 08640

**BUMB**, District Judge

Plaintiff Larry Dale Johnson, a federal inmate presently confined at the FCI Fort Dix in Fort Dix, New Jersey, at the time he submitted this action for filing, seeks to bring this civil action in forma pauperis, pursuant to 28 U.S.C. § 1915. For the following reasons, Plaintiff's request to proceed in forma pauperis will be denied.

## BACKGROUND

Plaintiff brings this Complaint against Defendant Olga V. Johnson, his ex-wife, alleging a claim of fraudulent conveyance.

## DISCUSSION

Plaintiff seeks to proceed with this action in forma pauperis, pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, prohibits a prisoner from bringing a civil action in forma pauperis pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); see also Keener v. Pennsylvania Board of Probation & Parole, 128 F.3d 143, 144-45 (3d Cir. 1997) (holding that frivolousness dismissals prior to enactment of PLRA count as "strikes" under § 1915(g)).  A prisoner who has three or more such dismissals may be excused from this rule only if he is "under imminent danger of serious physical injury."  Id.  When deciding whether an inmate meets the "imminent danger" requirement, a court must examine the situation faced by the inmate at the time of the filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger."  Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001).

An examination of court records reveals plaintiff has filed numerous civil actions in the District of Oregon.  In fact, Plaintiff had filed at least 23 cases in one year's time in the District of Oregon, most of which were dismissed by the federal court for frivolity because they were duplicative of another

action, or for failure to state a claim.  See Johnson v. Federal Bureau of Prison, et al., Civil No. 11-1002 (ST)(D. Oregon, October 6, 2011).  In that action, the Honorable Michael W. Mosman, U.S.D.J., cited the following cases filed by Plaintiff and dismissed by the court: (1) Johnson v. Thomas, Case No. 11-CV-368-ST, dismissed on April 4, 2011 on the grounds that it was duplicative of another action; (2) Johnson v. Thomas, Case No. 11-CV-369-ST, dismissed on April 4, 2011 on the grounds that it was duplicative of another action; (3) Johnson v. Rudebaugh, Case No. 11-CV-596-ST, dismissed on July 13, 2011 on the grounds that it was duplicative of another action and therefore frivolous; (4) Johnson v. Bureau of Prisons, Case No. 11-CV-597-ST, dismissed on July 13, 2011 as duplicative of two other actions and therefore frivolous; (5) Johnson v. Friedman, Case No. 11-CV-603-ST, dismissed on July 13, 2011 for failure to state a claim; and (6) Johnson v. Price, Case No. 11-CV-604-ST, dismissed on July 13, 2011 as duplicative of two other actions and therefore frivolous.

    Accordingly, Plaintiff has reached and exceeded the statutory limit as set forth in 28 U.S.C. § 1915(g) and is precluded from seeking in forma pauperis status based on the "three strikes" rule unless he alleges facts to show that he is in "imminent danger of serious physical injury", which would excuse him from the restrictions under § 1915(g).

In this Complaint, Plaintiff makes no allegations or claims of "imminent danger." Rather, the Complaint appears to involve a civil money dispute and a fraudulent conveyance allegation against his ex-wife, which are insufficient to show that Plaintiff is in imminent danger of real harm. As referenced above, the threat of imminent danger must be prospective and cannot relate to a past incident of harm. See Abdul-Akbar, 239 F.3d at 312. Therefore, because the Complaint in this action does not contain sufficient allegations reasonably suggesting that Plaintiff is in "imminent danger of serious physical injury", which would excuse him from the restrictions under § 1915(g), Plaintiff may not proceed in forma pauperis.

This Court makes no findings as to the viability or merits of this civil action. Rather, this Court finds only that Plaintiff has not demonstrated "imminent danger" in order to override the "three strikes" requirement of § 1915(g), and consequently, Plaintiff is prohibited from proceeding with this action without full payment of the requisite $350.00 filing fee. Should Plaintiff wish to proceed with this case, he must pay the full $350.00 filing fee required under 28 U.S.C. § 1914(a) to institute a civil action, suit or proceeding in district court.

**CONCLUSION**

Based on the foregoing, Plaintiff's request to proceed in forma pauperis will be denied, pursuant to 28 U.S.C. § 1915(g). As set forth in the accompanying Order, Plaintiff's case will be administratively terminated. Upon submission of the $350.00 filing fee within 30 days, Plaintiff may move to reopen his case, if he so chooses. An appropriate Order accompanies this Opinion.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: January 23, 2013